1    WO

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    United States of America ex rel. W.)    CV-05-0604-PHX-NVW
     Austine Sallade,                    )
10                                        )    ORDER
                   Plaintiff,             )
11                                        )
     vs.                                  )
12                                        )
                                          )
13   Orbital Sciences Corporation,        )
                                          )
14                 Defendant.             )
                                          )
15   _____)

16

17       The court has considered Defendant Orbital Sciences Corporation's ("Orbital")

18   Motion to Dismiss Count VI of the Second Amended Complaint for Failure to Plead

19   Fraud with Particularity (Rule 9(b)).  (Doc. # 57).  The motion is granted for the

20   following reasons.

21       Count VI of Sallade's second amended complaint alleges that Orbital violated the

22   False Claims Act ("FCA"), 31 U.S.C. § 3729(a), and the Truth in Negotiations Act

23   ("TINA"), 10 U.S.C. § 2306a, by failing to report certain "cost and pricing data" so that it

24   could inflate its expected costs on a Boeing subcontract (the "CE 1 contract"), for which

25   it was then negotiating a price.  (Doc. # 56 ¶¶ 186–194.)  The court has twice dismissed

26   this count for failure to plead fraud with particularity.  Sallade's original complaint failed

27   because it did not allege that Orbital submitted a false claim for payment knowing that it

28   had obtained the CE 1 contract price in violation of TINA.  In his first amended

1  complaint, Sallade simply added the bare allegation that Orbital "was able to obtain

2  inflated cost recovery" because of the TINA violation.  The only factual support that

3  Sallade included was a statement made by Orbital's Senior Vice President, Mr. Jim Utter,

4  that certain cost under-runs should not be disclosed to Boeing until after completion of

5  the CE1 contract price negotiations.  Sallade failed to allege facts showing that Orbital

6  did not disclose the cost under-runs during negotiations, that as a result Orbital obtained

7  an inflated contract price, or that Orbital ultimately did submit claims for payment based

8  on that fraudulently negotiated price.  The court made clear that Sallade's first amended

9  complaint failed Rule 9(b) because it merely assumed that Orbital submitted invoices on

10 the CE1 contract, and that those invoices reflected a fraudulently negotiated contract

11 price.

12       Sallade now submits his second amended complaint.  He has, for the first time,

13 clearly alleged in Count VI that under the CE1 contract "Orbital submitted and obtained

14 payment from the government on its fraudulently inflated invoices," which "were inflated

15 by and as a consequence of Orbital's knowing and intentional failure to disclose . . . its

16 cost under-runs."  (*Id.* ¶ 193.)  However, he has alleged no facts beyond what already

17 appeared in his previous complaints to support these broad conclusions.  The entire basis

18 for the count remains a single statement allegedly made by Mr. Utter and overheard by

19 Sallade before completion of the CE1 contract price negotiations.  Sallade provides no

20 facts, such as persons, places, times, or dates, that indicate that he knows that Orbital

21 obtained an inflated contract price and ultimately submitted invoices reflecting that price.

22       Rule 9(b) exists "to deter the filing of complaints as a pretext for the discovery of

23 unknown wrongs, to protect [defendants] from the harm that comes from being subject to

24 fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the

25 parties and society enormous social and economic costs absent some factual basis."

26 *Bly-Magee v. State of California*, 236 F.3d 1014, 1018 (9th Cir. 2001).  It requires that

27 broad allegations of fraud be supported by the alleged facts.  *United States ex rel. Lee v.*

28 *Smithkline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that Rule 9(b)

1   was not satisfied where a "broad claim had no factual support").  Count VI of Sallade's

2   second amended complaint therefore fails to satisfy the requirements of Rule 9(b).

3          When pressed by the court at oral argument, Sallade admitted that beyond having

4   overheard one statement by Mr. Utter he "[didn't] have additional information to plead."

5   (Doc. # 53, Hr'g Tr. 25, Mar. 13, 2008.)  Out of an abundance of caution, the court again

6   granted Sallade leave to amend Count VI and provided explicit guidance on the type of

7   general pleading that would fail to satisfy Rule 9(b) in this context.  Despite that

8   guidance, Sallade has now failed to plead Count VI with particularity for a third time.

9   The only explanation for Sallade's repeated failure to add supporting detail to Count VI is

10  that he has no additional support for his allegations.  Further leave to amend would be

11  futile and would only cause further delay in this case.  Count VI is therefore dismissed

12  with prejudice.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of

13  amendment can, by itself, justify the denial of a motion for leave to amend."); *Ascon*

14  *Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district

15  court's discretion to deny leave to amend is particularly broad where plaintiff has

16  previously amended the complaint.").

17         IT IS THEREFORE ORDERED that Defendant Orbital Sciences Corporation's

18  Motion to Dismiss Count VI of the Second Amended Complaint for Failure to Plead

19  Fraud with Particularity (Rule 9(b)) (doc. # 57) is granted and Count VI is dismissed with

20  prejudice.

21

22         DATED this 9th day of May, 2008.

23

24

25  _____
                    Neil V. Wake
26               United States District Judge

27

28